Ms. Ammie E. Rice Department of Information Systems One Capitol Mall P.O. Box 3155 Little Rock, AR 72203
Dear Ms. Rice:
You have requested an Attorney General opinion pursuant to A.C.A. §25-19-105(c)(3)(B)(i) (Repl. 2002), a provision in the Arkansas Freedom of Information Act ("FOIA") that places a duty on this office to determine whether the custodian's decision with respect to the release of personnel or evaluation records is consistent with the FOIA. The supporting information you have provided reflects that the Arkansas Democrat-Gazette has requested a copy of records containing the name of each current and recently terminated employee, together with his or her job title, race, date of employment, age, salary, and work status (citizenship).
You have not indicated what decision the custodian of records has made with respect to the release of the requested records, and I am therefore technically unable to perform my statutory duty with regard to the request for these records. You have expressed your view, however, that this information should be provided as statistical data only, with employees' names excluded, based upon the personal privacy of the employees.
RESPONSE
It is my opinion that with the exception of records reflecting the employee or former employee's citizenship status, records containing this information are subject to public inspection and copying under the FOIA.
The FOIA contains various exemptions from the general requirement that public records be open to public inspection and copying upon request. One such exemption provides that "personnel records" are exempt from disclosure to the extent that disclosing them would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. §25-19-105(b). The information that has been requested in this instance (name, title, race, hire date, age, salary, work status) is normally contained in records that are properly classified as "personnel records."See, e.g., Ops. Att'y Gen. Nos. 2001-101; 98-126; 95-070; 94-198.[1]
With the exception of citizenship information, this office has consistently opined in numerous opinions that the disclosure of records reflecting this type of information does not constitute a clearly unwarranted invasion of the employee's personal privacy. See, e.g., Op. Att'y Gen. Nos. 2003-029, 95-080, 94-198, 91-351. With regard to citizenship, the Supreme Court of the United States, construing a standard for disclosure that is similar to our personnel records exemption, has found citizenship information contained in personnel records to be exempt from public disclosure. United States Department ofState v. Washington Post Co., 456 U.S. 595 (1982). Because our court has been willing to look to federal case law for guidance in the area (seeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992)), I conclude that information concerning citizenship status should be deleted from personnel records prior to the records' release.
It is therefore my opinion that records reflecting the information requested, except for citizenship information, must be made available for inspection and copying under the FOIA.[2] It should be recognized, however, that any particular items of information that are contained in the records and that qualify for some other specific exemption from disclosure must be redacted from the records before they are released. For example, social security numbers should be redacted. See Op. Att'y Gen. 2001-091.
It should perhaps also be noted in this instance that the FOIA applies to records rather than to information. A custodian of public records is not required to compile information or create a record in response to a FOIA request. See A.C.A. § 25-19-105(d)(2)(C). He or she must simply provide access to any existing records that are responsive to the request. The custodian is given the discretion, however, to "summarize, compile, or tailor electronic data in a particular manner or medium" and he or she "may agree to provide the data in an electronic format to which it is not readily convertible." A.C.A. § 25-19-109. Thus, if the requestor in this instance does not wish to view the records that exist containing this information, the custodian has the option of compiling the data pursuant to § 25-19-109. Please refer to this Code section for further details regarding special requests for electronic information.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The "personnel records" provisions in the FOIA have been interpreted to apply to former employees. See, e.g., Op. Att'y Gen. Nos.95-131 and 90-089 and J. Watkins, The Arkansas Freedom of InformationAct (mm Press 3rd ed. 1998) at 133.
[2] This conclusion applies to records of current, as well as former employees. See n. 1, supra. A question may arise, however, regarding the particular request in this instance as it pertains to "recently
terminated" employees. (Emphasis added.) Although the fact of termination is not a basis for denying the request (see generally Op. Att'y Gen.93-407), the term "recently" appears vague and may lead the custodian to conclude that the records cannot be located with reasonable effort. If that is in fact the case, the custodian may require that the request be more specific. See A.C.A. § 25-19-105 (a)(2)(C).